EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
Email: elukas@hfdclaw.com

LEIGH C. TAGGART *(pro hac vice requested)*
HONIGMAN MILLER SCHWARTZ AND COHN LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
Telephone: (248) 566-8496
Email: ltaggart@honigman.com

Attorneys for Defendants
STARWOOD HOTELS & RESORTS WORLDWIDE, INC. AND W HOTEL MANGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GATIEN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STARWOOD HOTELS & RESORTS WORLWIDE, INC., a Maryland Corporation; W HOTEL MANAGEMENT, INC., a Delaware Corporation, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. 2:17-cv-01864<br>Assigned to the Hon. Cormac J. Carney<br>Complaint Filed: 3/08/17<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHOTRITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. §1404(a**<br><br>**[Filed concurrently with Notice of Motion and Proposed Order]**<br><br>Date:    **August 14, 2017**<br>Time:   **1:30 P.M.**<br>Ctrm:   **9B** |

# TABLE OF CONTENTS

Table of Authorities ............................................................................................... ii

Statement of Issues Presented ............................................................................... iii

    I.     Introduction ................................................................................. 1

    II.    Allegations Relevant to Venue ................................................... 1

    III.   Legal Authorities Governing Venue Transfer ........................... 2

    IV.   This Suit Could Have Been brought in the District of Massachusetts, Which has Personal and Subject Matter Jurisdiction, and in Which Venue is Appropriate ............................................................................................ 4

    V.    The Venue Factors Favor Transfer of this Case to the District of Massachusetts .................................................................................................. 4

        1.    The location where the relevant agreements were negotiated and executed ............................................................................................. 4

        2.    The state that is most familiar with governing law ..................... 5

        3.    The plaintiff's choice of forum .................................................. 5

        4.    The respective parties' contacts with the forum ......................... 6

        5.    The contacts relating to the plaintiff's cause of action in the chosen forum ............................................................................................. 7

        6.    The differences in the cost of litigation in the two forums ........ 7

        7.    The availability of compulsory process to compel attendance of unwilling non-party witnesses ................................................................. 8

        8.    The ease of access to sources of proof ....................................... 8

        9.    The presence of a forum selection clause in the contract of the Parties ........................................................................................................... 9

Case 1:17-cv-11399-WGY   Document 22-1   Filed 07/10/17   Page 3 of 18

      10. The relevant public policy of the forum state, if any, concerning the dispute ................................................................................... 9

VI. Conclusion ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adobe Systems, Inc. v. Blue Source Group, Inc.*,
   125 F.Supp.3d 945, 959 (N.D. Cal. 2015) ..................................................................... 3

*California Brewing co. v. 3 Daughters Brewing LLC*,
   U.S. Dist. LEXIS 52344 (E.D. Cal. 2016) ..................................................................... 3

*Carolina Cas. Co. v. Data Broad Corp.*,
   158 F.Supp.2d 1044 (N.D. Cal. 2001) ............................................................................ 6

*FTC v. Watson Pharms., Inc.*,
   611 F.Supp.2d 1081 (C.D. Cal. 2009) ............................................................................ 7

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ................................................................................ *passim*

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) .......................................................................................... 3

*Remley v. Lockheed Martin Corp.*,
   2001 U.S. Dist. LEXIS 7990 (N.D. Cal. 2001) ......................................................... 3, 4

*Rubio v. Monsanto Co.*,
   181 F.Supp.3d 746, 762 (C.D. Cal. 2016) ...................................................................... 6

**STATUTES**

28 U.S.C. §1331 ....................................................................................................................... 5

28 U.S.C. §1338 ....................................................................................................................... 5

28 U.S.C. §1367(a) .................................................................................................................. 5

28 U.S.C. §1391 ....................................................................................................................... 3

28 U.S.C. §1404(a) ...................................................................................................... 1, 2, 5, 10

Lanham Act ...................................................................................................................... 2, 3, 5

U.S. Copyright Act ............................................................................................................... 2, 5

## STATEMENT OF ISSUES PRESENTED

1.      Where the plaintiff is not a citizen or resident of California, the events relevant to plaintiff's intellectual property infringement claims are based on the actions of a nightclub and hotel in Boston, Massachusetts, the non-party witnesses are not within the trial subpoena power of this Court but are within the trial subpoena power of the District of Massachusetts, and all of the other witnesses and evidence likely to be relevant are located in Massachusetts, New York City and Maryland, should this Court transfer venue to the District of Massachusetts pursuant to its authority and discretion under 28 U.S.C. §1404(a)?

The Moving Defendants Answer:  Yes.

## I. INTRODUCTION

Plaintiff Peter Gatien ("Plaintiff" or "Mr. Gatien") is an individual resident in New York City who, according to the allegations of his Complaint filed March 8, 2017, has been harmed by acts of trademark, trade dress and copyright infringement that occurred in connection with a nightclub operating on the premises of the W Boston Hotel in Boston Massachusetts. The Tunnel nightclub is independently owned and operated by a third party, wrongly named in the Complaint as Speakeasy Hospitality Group, Inc. ("Speakeasy"), which merely rents space as a tenant at the hotel. Although an analysis of the facts alleged in the Complaint show that the principal conduct claimed to be infringing was engaged in if at all by the Tunnel nightclub operator, Plaintiff Gatien voluntarily dismissed Speakeasy on June 12, 2017. The operator of the Tunnel nightclub is no longer a party to this action, but is in possession of much of the information relevant to the alleged infringement. Because a consideration of the venue transfer factors used in the Ninth Circuit clearly favor the transfer of this action to the District of Massachusetts, Defendants Starwood Hotels and Resorts Worldwide, Inc. and W Hotel Management, Inc. respectfully request that this Court exercise its discretion to transfer the action pursuant to 28 U.S.C. §1404(a).

## II. ALLEGATIONS RELEVANT TO VENUE[1]

Mr. Gatien owned and operated a New York City nightclub called "Tunnel" which was known to the public by a distinct logo (the "Logo"). Complaint, DN 1, ¶1. Mr. Gatien is a resident of New York City. DN 1, ¶11. Mr. Gatien refers to the Tunnel nightclub as the "Original Tunnel." *Id.* The Original Tunnel was open in New York City

---

[1] The Hotel Defendants will be contesting many of the facts alleged in the Complaint as facts that relate if at all only to the nightclub operator, and not to the Hotel Defendants. For purposes of this motion only, the Hotel Defendants are treating the factual allegations of the Complaint as true, except as specifically addressed in the Declaration of Rob Hunter.

1

from 1986—2001. *Id.*, ¶14. During the operation of the Original Tunnel up until 2001, it used and became known to the public through the Tunnel name and the Logo. *Id.*

Defendants opened a nightclub at the W Hotel in Boston, using the Tunnel name and the Logo used by Plaintiff in connection with the Original Tunnel nightclub in New York City. *Id.*, ¶16. Specifically, the "Tunnel Boston" is operated by Defendant Speakeasy, which is a Massachusetts-based hospitality company operating numerous restaurants, bars and nightclubs in and around the Boston area. *Id.*, ¶10. Defendants also misappropriated the décor and overall look and feel of the Original Tunnel nightclub, referred to in the Complaint as the Tunnel Trade Dress. *Id.*, ¶18. Defendants' use of the Tunnel name/trademark, the Logo and the Tunnel Trade Dress is unauthorized, and has caused damage to the Plaintiff. *Id.*, ¶19, 21-22. Defendants benefitted from the misappropriation and infringement, *id.* at ¶25, and damaged Plaintiff, *id.* at ¶28. Defendants improperly used the Tunnel name/trademark, the Logo and the Tunnel Trade Dress in advertising and marketing materials. *Id.*, ¶30.

Plaintiff's First Claim for Relief is for violation of the federal Lanham Act governing trademark infringement and unfair competition. *Id.*, ¶29-43. Plaintiff alleges that Defendants' use of the Tunnel name/trademark, the Tunnel Trade Dress and the Logo violate the Lanham Act. *Id.*, ¶30, 40-41. Plaintiff's Second and Third Claims for Relief claim that the same acts briefly summarized above violate the California Business and Professions Code (Second Claim, *id.*, ¶44-51) and California's Common Law of Unfair Competition (Third Claim, *id.*, ¶52-54). Plaintiff's Fourth Claim for Relief alleges that the copying and use of the Logo constitutes an infringement of Plaintiff's copyright protected by the U.S. Copyright Act. *Id.*, ¶55-61.

### III. LEGAL AUTHORITIES GOVERNING VENUE TRANSFER

The venue transfer statute, 28 U.S.C. §1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district

2

or division to which all parties have consented." The plaintiff bears the burden of proving that venue is appropriate. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The purpose of the venue transfer statute is to give defendants some control over the choice of venue to protect them from having to defend lawsuits in a remote and inconvenient forum. *Remley v. Lockheed Martin Corp.*, 2001 U.S. Dist. LEXIS 7990, *9 (N.D. Cal. 2001). Thus, the focus of the venue transfer inquiry, as articulated in the statute, is the convenience of the parties and witnesses and the interests of justice, which are best served by having disputes heard in an appropriate forum with legitimate contacts to the controversy.

    The First Claim for Relief alleges that each and every infringing act constitutes a violation of the federal Lanham Act. Venue in trademark cases is evaluated under the general venue statute provisions of 28 U.S.C. §1391. *Adobe Systems, Inc. v. Blue Source Group, Inc.*, 125 F.Supp.3d 945, 959 (N.D. Cal. 2015). Even if venue is proper, a district court may exercise its discretion to transfer the case to a different venue for the convenience of the parties and the witnesses and in the interest of justice. *California Brewing co. v. 3 Daughters Brewing LLC*, U.S. Dist. LEXIS 52344, *19 (E.D. Cal. 2016). Courts in the Ninth Circuit use a list of factors to decide venue transfer requests. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The factors include the:

    (1) location where the relevant agreements were negotiated and executed,

    (2) state that is most familiar with the governing law,

    (3) plaintiff's choice of forum,

    (4) respective parties' contacts with the forum,

    (5) contacts relating to the plaintiff's cause of action in the chosen forum,

    (6) differences in the costs of litigation in the two forums,

    (7) availability of compulsory process to compel attendance of unwilling non-party witnesses,

    (8) ease of access to sources of proof,

    (9) presence of a forum selection clause in the contract of the parties, and

3

(10) relevant public policy of the forum state, if any, concerning the dispute. *Id.* Applying the venue transfer factors in this case, it is clear that all of the relevant factors favor transfer to the District of Massachusetts.

## IV. THIS SUIT COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS, WHICH HAS PERSONAL AND SUBJECT MATTER JURISDICTION, AND IN WHICH VENUE IS APPROPRIATE

The threshold inquiry in a transfer venue motion is whether the case could have been filed in the proposed transferee forum, the District of Massachusetts. As explained in more detail in the analysis of the venue transfer factors below, the District of Massachusetts is an appropriate forum with jurisdiction over the parties, venue is proper there, and Massachusetts has direct contacts with the dispute. The alleged acts of infringement all arise out of conduct at a nightclub in Boston operated in the same building as the W Boston Hotel. Thus the Hotel Defendants are susceptible to specific jurisdiction in the District of Massachusetts. Venue is proper there because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Massachusetts. *Remley v. Lockheed Martin Corp., supra*, *9. In addition the substantial claims of the Complaint are allegations of infringement of federal intellectual property law over which the District of Massachusetts has subject matter jurisdiction. The District of Massachusetts is therefore an appropriate forum in which Plaintiff Gatien and his counsel could have filed this lawsuit in the first instance, but chose not to do so.

## V. THE VENUE FACTORS FAVOR TRANSFER OF THIS CASE TO THE DISTRICT OF MASSACHUSETTS

1. <u>The location where the relevant agreements were negotiated and executed</u>

The Complaint does not allege the breach of any agreement between the parties. Unlike the franchise agreement at issue in *Jones v. GNC Franchising, Inc.*, there is no agreement between the parties, thus no forum selection clause at issue between the parties.

4

Because there is no agreement between the parties that underlies this dispute, there are also no relevant contract negotiations that would affect the venue transfer analysis. (To the extent that any other contract is relevant to this dispute, it would likely be the lease between the hotel owner and the Boston Tunnel night club tenant, but that lease is for the nightclub premises in Boston, Massachusetts, not California. Declaration of Rob Hunter ("Hunter Decl."), ¶3.

This factor is either neutral or favors transfer to the District of Massachusetts.

2. <u>The state that is most familiar with the governing law</u>

The principal claims of the Complaint arise under the federal intellectual property laws of the United States. The First Claim for Relief states a claim for violation of the Lanham Act and the Fourth Claim for Relief states a claim for violation of the U.S. Copyright Act. These claims are within the exclusive jurisdiction of the District Courts as claims arising under federal law, 28 U.S.C. §1331, and under the patent, copyright, trademark and unfair competition jurisdiction of the federal courts, 28 U.S.C. §1338. DN 1, ¶5. The District of Massachusetts thus is equally familiar with the law governing the principal claims asserted in the Complaint. To the extent that it is proper for an individual residing in New York City who is not a California citizen to bring California state law claims for activities based solely in Massachusetts, the Second and Third Claims for Relief invoke the supplemental jurisdiction of the federal court under 28 U.S.C. §1367(a). As supplemental legal claims, these should not be the focus of the venue transfer analysis, although a federal court in California may be more familiar with these claims than the District of Massachusetts.

This factor is neutral or may slightly favor venue in California.

3. <u>The plaintiff's choice of forum</u>

The plaintiff's choice of forum is usually entitled to some deference by a court considering a transfer of venue under Section 1404(a). In this case Mr. Gatien is not

5

choosing his home forum, since he is a resident of New York City. Rather, Mr. Gatien is choosing a forum 3,000 miles away from his home state, and an equal distance away from the forum where the acts alleged to have infringed his rights took place.

A plaintiff's choice of his <u>home</u> forum is given more deference than his choice of foreign forum to file his action. *Rubio v. Monsanto Co.*, 181 F.Supp.3d 746, 762 (C.D. Cal. 2016). Plaintiff Rubio was exposed to Monsanto's Roundup weed-killer while employed as an agricultural worker in Oregon, California and Texas and lived in Texas at the time that he filed suit in California. *Id.*, p. 754-55. Although California "had some ties to the controversy because some of Rubio's exposure to Roundup occurred in this district," the Court found that Texas had more ties to the controversy and that this factor weighed slightly in favor of granting Monsanto's motion to transfer the case to Texas. *Id.*, p. 762. As noted above, Mr. Gatien has not pled any ties between California and this controversy, and it is clear that Massachusetts and specifically Boston has almost all ties to the disputes asserted in the Complaint. To the extent that Mr. Gatien or others located outside Massachusetts and California possess relevant evidence, this also does not favor Mr. Gatien's choice of a foreign forum in California, and this factor must be said to favor transfer. *See also Carolina Cas. Co. v. Data Broad Corp.*, 158 F.Supp.2d 1044, (N.D. Cal. 2001) ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint.") (internal citation omitted).

Based on the analysis in the *Rubio v. Monsanto Co.* case, and because it is clear that Massachusetts has significant ties to this case and California has none, this factor favors transfer of venue to the District of Massachusetts.

### 4. The respective parties' contacts with the forum

Plaintiff Gatien has not alleged in the Complaint that he has any contacts with his chosen forum, much less contacts that are relevant to this Massachusetts-based dispute. It

6

appears that Mr. Gatien's only contact with the forum is that his counsel is based in Los Angeles. While the Hotel Defendants have business in this forum, that business is not related to this dispute, and there is no allegation in the Complaint that any California business of the Hotel Defendants is specifically related to this controversy.

This factor favors transfer of the case to the District of Massachusetts.

5. <u>The contacts relating to the plaintiff's cause of action in the chosen forum</u>

As noted above, the Complaint is devoid of allegations that any activity relevant to the controversy occurred in California or had any effect in California. The Complaint could not credibly have alleged any impact of the infringement in California, when the only plaintiff is an individual residing in New York City. The contacts between Massachusetts and the dispute are strong and undeniable, while there are no contacts between California and the dispute. *See e.g. FTC v. Watson Pharms., Inc.*, 611 F.Supp.2d 1081, 1088-89 (C.D. Cal. 2009) (applying *Jones v. GNC Franchising* factors and deciding that where antitrust enforcement action by State of California arose out of settlement of patent suits in the Northern District of Georgia, contacts between Georgia and dispute outweighed contacts between California and dispute).

This factor favors transfer of venue to Massachusetts.

6. <u>The differences in the costs of litigation in the two forums</u>

The Complaint strongly suggests and the Hunter Declaration confirms that all of the key witnesses are likely to be in Massachusetts or much closer to Massachusetts than to California. The Boston Tunnel nightclub owner and operator is in Boston. Hunter Decl. ¶3. The witnesses associated with the W Boston Hotel are in Boston. Hunter Decl. ¶2, 6. The people most knowledgeable about the lease between the hotel and the Boston Tunnel nightclub are in Boston and Maryland. Hunter Decl. ¶7. Plaintiff Gatien is a resident of New York City, relies on his former operation of the Original Tunnel nightclub in New York to form part of the basis of the rights that he claims and asserts in the Complaint,

7

and the evidence about the Original Tunnel nightclub is most likely in New York City. Complaint, DN 1, ¶11. Because all of the key witnesses are either in Massachusetts or on the East Coast, the cost of trial attendance will likely be less in Massachusetts than in California.

This factor strongly favors transfer of venue to the District of Massachusetts.

### 7. The availability of compulsory process to compel attendance of unwilling non-party witnesses

Plaintiff Gatien dismissed Speakeasy Hospitality Group, LLC from this case after clearly identifying the Boston Tunnel nightclub owner and operator as the central figure in this dispute. Although the true tenant entity under the nightclub lease is St Entertainment Group, Inc. and not the apparently wrongly-named Speakeasy Hospitality Group LLC, Hunter Decl. ¶3, clearly the nightclub owner and operator is essential to this case. St Entertainment Group, Inc. and its principal, Brian Lesser, are based in Boston and Mr. Lesser is believed to reside in the Boston area. Hunter Decl. ¶3. Mr. Lesser is believed to be the single most knowledgeable person about the selection, promotion and use of the Tunnel name/trademark and the Logo that is central to the allegations of the Complaint. Hunter Decl. ¶3. As non-parties to the dispute, Mr. Lesser and others who may be employed by or supervise the operations of the Boston Tunnel nightclub are beyond the trial subpoena power of the Central District of California but within the trial subpoena power of the District of Massachusetts.

This factor strongly favors transfer of venue to Massachusetts.

### 8. The ease of access to sources of proof

To the extent that other non-parties knowledgeable about the Boston Tunnel nightclub operations or familiar with other facts that bear on liability or damages possess evidence that is necessary or useful to resolve this dispute, those witnesses are also likely to be located in the Boston area, and certainly not in California. Hunter Decl. ¶8. As the

8

General Manager of the W Boston Hotel, Mr. Singh will have relevant evidence about use or non-use of the alleged intellectual property by the Hotel Defendants, the alleged benefits to the Hotel Defendants of using the intellectual property, and the damages or lack of damages accruing from such use. Hunter Decl. ¶6. In addition to Mr. Singh, the W Boston Hotel Director of Finance, Rob Hunter, will also provide evidence relevant to the lack of any profits made by the Hotel Defendants from the alleged use of the intellectual property and the damages or lack of damages from the alleged infringement. Hunter Decl. ¶2. Both Mr. Singh and Mr. Hunter live in the Boston area. Hunter Decl. ¶2, 6. Another non-party to this lawsuit, Kari Olsen, is likely to be the most knowledgeable person about the negotiation and performance of the lease under which St Entertainment operates the Boston Tunnel. Ms. Olsen lives in Maryland, which is much closer to Boston than to California, and is in the same time zone as Boston. Hunter Decl. ¶7.

This factor strongly favors transfer, and is often considered one of if not the most important factors in a transfer of venue decision.

9. <u>The presence of a forum selection clause in the contract of the parties</u>

As noted above, there is no contract between Plaintiff Gatien and the Hotel Defendants, therefore no agreed forum selection clause is implicated in the decision whether or not to transfer venue.

10. <u>The relevant public policy of the forum state, if any, concerning the dispute</u>

Unlike the *Jones v. GNC Franchising* case, there are no specific California public policy issues that support the retention of this case in California courts. The *Jones v. GNC Franchising* found such a public policy in a state statute protecting franchisees against the unequal bargaining power between franchisors and franchisees, and found that strong public policy concern outweighed the forum selection clause that mandated that all lawsuits concerning the franchise agreement and relationship should be heard in the

9

franchisor's home judicial district in Pennsylvania. The court thus upheld the California franchisee's choice of forum in its home district in California. 211 F.3d at 497-498.

The Complaint in this case does not allege any facts that would support a finding of any particular California public policy concerns here. Plaintiff Gatien is not a citizen or resident of California, none of the conduct underpinning the Complaint occurred in California, and none of the alleged damage or harm was directed at or affected California residents.

This factor is thus either neutral or favors transfer of venue to Massachusetts, which does have an interest in addressing conduct occurring within the state and the alleged harm arising from that conduct.

## VI.  CONCLUSION

The *Jones v. NC Franchising* factors strongly favor transfer of this case to the District of Massachusetts. At least factors 6, 7 and 8 strongly favor transfer, factors 3, 4 and 5 favor transfer, and factors 1, 2, 9 and 10 either slightly favor transfer or are neutral to the analysis. For all of the reasons stated above, 28 U.S.C. §1404(a) provides this Court with the power and discretion to transfer this case to the District of Massachusetts where the substantial events giving rise to this dispute arose, where the key non-party witnesses are subject to the trial subpoena power of the Court, where the action can be most conveniently conducted for the witnesses who will be testifying and those who are most likely to testify, and where the action can be conducted at a lower cost to the parties than to litigate this matter in California. The Hotel Defendants therefore respectfully request this Court to exercise its discretion and authority to transfer venue of this action to the District of Massachusetts.

Dated: July 10, 2017

By: /s/ Edward W. Lukas, Jr.
Edward W. Lukas, Jr. (SBN 155214)
Harrington, Foxx, Dubrow & Canter,
E-mail: elukas@hfdclaw.com
*Attorneys for Defendants Starwood Hotels & Resorts Worldwide, Inc., and W Hotel Management, Inc.*

Leigh C. Taggart (P63765)
Honigman Miller Schwartz and Cohn
39400 Woodward Avenue, Suite 101
Bloomfield Hills, Michigan 48304
Tel: (248) 566-8496
E-mail: ltaggart@honigman.com

*Pro Hac Vice Admission to be Requested*

*Attorneys for Defendants Starwood Hotels & Resorts Worldwide, Inc., and W Hotel Management, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On July 10, 2017, I electronically filed the following document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(a)**

[X]   (FEDERAL)   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 10, 2017 at Los Angeles, California

/s/ Martha Aguilar
MARTHA AGUILAR
Email: maguilar@hfdclaw.com

AOM.003\SERVICE\!POS CM-ECF

<div style="text-align:center">

**SERVICE LIST**

</div>

| | |
|---|---|
| Jeffrey S. Gluck (SBN 304555)<br>GLUCK LAW FIRM PC<br>123 N. Kings Road, Suite 6<br>Los Angeles, CA 90048<br>jeff@gluckip.com<br>T: 301.776.7413 | Attorneys for Plaintiff<br><br>PETER GATIEN, an individual |
| David Alden Erickson (SBN 189838)<br>S. Ryan Patterson (SBN 279474)<br>ERICKSON LAW GROUP<br>200 N. Larchmont Boulevard<br>Los Angeles, CA 90004<br>david@daviderikson.com<br>ryan@daviderickson.com<br>T: 323.465.3100<br>F: 323.465.3177 | Attorneys for Plaintiff<br><br>PETER GATIEN, an individual |

AOM.003\SERVICE\!POS CM-ECF                           2
                                              PROOF OF SERVICE