EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929
Email: elukas@hfdclaw.com

LEIGH C. TAGGART *(pro hac vice requested)*
HONIGMAN MILLER SCHWARTZ AND COHN LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
Telephone: (248) 566-8490
Email: ltaggart@honigman.com

Attorneys for Defendants
STARWOOD HOTELS & RESORTS WORLDWIDE, INC. AND W HOTEL MANGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GATIEN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STARWOOD HOTEL AND RESORTS WORLDWIDE, INC., a Maryland Corporation, W HOTEL MANAGEMENT, INC., a Delaware Corporation, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:17-cv-01864<br>Assigned to the Hon. Cormac J. Carney<br>Complaint Filed: 3/08/17<br><br>**DECLARATION OF ROB HUNTER** |

**DECLARATION OF ROB HUNTER**

25074172.1

1

I, Rob Hunter, declare as follows:

1. My name is Rob Hunter, and I give this declaration in support of the Motion to Transfer Venue to the District of Massachusetts made by Starwood Hotels & Resorts Worldwide, Inc. (n/k/a Starwood Hotels & Resorts Worldwide, LLC) ("Starwood") and W Hotel Management, Inc. ("W Hotel Management"). This declaration is based upon my personal knowledge, except where stated to be on information and belief in which case I believe the facts to be true for the reasons stated.

2. Since May 2015 I have been the Director of Finance of the W Hotel in Boston, located at 100 Stuart Street, Boston, Massachusetts 02116. As Director of Finance I manage the overall financial performance of the hotel, including the sources and amounts of revenue from the various services that we provide to guests, and the profitability of the hotel. I am the person most familiar with the exact source and amount of revenue from the various hotel services, and the hotel profits from these services. As such, I have direct knowledge of aspects of the hotel function and performance that are likely to be relevant to the allegations of this lawsuit. I live in Massachusetts in the Boston area. All official records related to the day to day operations of the W Boston Hotel are located at the hotel in Boston, Massachusetts.

3. A company called St Entertainment, Inc. has a lease for space in the same building as the W Boston Hotel. Neither Starwood nor W Hotel Management own the W Boston Hotel or are parties to the lease. The leased space is an area below the street level, with an entryway from the street; there is no entry to the nightclub from within the hotel.

St Entertainment runs a nightclub in that rented space called the Tunnel nightclub. The principal of the Tunnel nightclub and the person who signed the lease on behalf of St Entertainment is Brian Lesser. According to the lease, Mr. Lesser is a resident of Massachusetts in the Boston area, and the lease was signed as of January 22, 2013.

4. On information and belief, the Tunnel nightclub began operation at the W Boston Hotel in or about October 2013. This belief is based on conversations that I have had with the General Manager of the W Boston Hotel, Gurkirat Singh, who assumed that position in October 2013 shortly after the nightclub opened, and with hotel employees and others who were at the hotel and familiar with its operations before my arrival in May 2015. Neither Starwood nor W Hotel Management have any role or responsibility in overseeing, managing or directing St Entertainment or the operations of the Tunnel nightclub.

5. The lease with St Entertainment provides for a base level of rent for use of the space, and provides for additional payments by the nightclub if its revenue exceeds certain threshold levels. The lease also provides that the hotel receive quarterly reports of the nightclub revenue which allows us to monitor whether the additional amounts should be paid by the nightclub. As Director of Finance I receive these reports and have possession of the financial reports and records of the W Boston Hotel that were created before I became the Director of Finance. During my tenure as Director of Finance of the W Boston Hotel, the nightclub has never exceeded the threshold required to pay the extra

payments in addition to the base rent, and based on my review of the records, the nightclub has not done so at any time.

6. On information and belief, the W Boston Hotel General Manager Mr. Singh also has had interactions with the proprietors of the Tunnel nightclub, including since the allegations of infringement were first made by the plaintiff. For this reason, and because he is responsible for all aspects of running the W Boston Hotel, Mr. Singh likely has knowledge relevant to this lawsuit. Mr. Singh lives in Massachusetts in the Boston area. My belief in these facts is based on my communications with Mr. Singh, to whom I directly report.

7. The hotel and hotel property are owned by separate and independent companies that are different from and not owned or controlled by Starwood and W Hotel Management. On information and belief, the person responsible for the hotel property is Kari Olsen. On information and belief, Ms. Olsen is the person who negotiated the lease for the nightclub space with St Entertainment and Mr. Lesser, and is therefore the person most likely to have knowledge of those issues if they are or become relevant to this lawsuit. On information and belief, Ms. Olsen lives and works in Maryland. These beliefs are based on communications with Ms. Olsen, and from discussions with other W Boston Hotel employees who may communicate with Ms. Olsen about hotel matters.

8. There are vendors to the hotel who are independent contractors who may have knowledge of the nightclub relevant to the lawsuit. For example, there is a vendor that is an independent contractor to the hotel that provides valet parking services that may

4

25074172.1

be used by a person who is not a hotel guest but who visits the Tunnel nightclub. To the extent that these independent contractors have relevant knowledge, I believe due to the nature of the business that their employees are Massachusetts residents who likely live in or near the Boston area.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_/s/ Rob Hunter_   Date: July 10, 2017

Rob Hunter

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On July 10, 2017, I electronically filed the following document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet:

## DECLARATION OF ROB HUNTER

[X]   (FEDERAL)   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 10, 2017 at Los Angeles, California

/s/ Martha Aguilar
MARTHA AGUILAR
Email: maguilar@hfdclaw.com

AOM.003\SERVICE\!POS CM-ECF

PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Jeffrey S. Gluck (SBN 304555)<br>GLUCK LAW FIRM PC<br>123 N. Kings Road, Suite 6<br>Los Angeles, CA  90048<br>jeff@gluckip.com<br>T:  301.776.7413 | Attorneys for Plaintiff<br><br>PETER GATIEN, an individual |
| David Alden Erickson (SBN 189838)<br>S. Ryan Patterson (SBN 279474)<br>ERICKSON LAW GROUP<br>200 N. Larchmont Boulevard<br>Los Angeles, CA  90004<br>david@daviderikson.com<br>ryan@daviderickson.com<br>T:  323.465.3100<br>F:  323.465.3177 | Attorneys for Plaintiff<br><br>PETER GATIEN, an individual |